UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN PICKERING,<br>　　　　　Plaintiff(s),<br>　　v.<br>AMAZON.COM INC et al.,<br>　　　　　Defendant(s). | CASE NO. C24-00592-KKE<br><br>ORDER |

　　　　Plaintiff filed this instant action on April 26, 2024.  Dkt. No. 1.  On June 24, 2024, the Court denied Plaintiff's motion for service of his pro se complaint by the United States Marshals Service.  Dkt. No. 7.  The Court also denied Plaintiff's motion for reconsideration of that order.  Dkt. No. 8.  Then, the Court ordered Plaintiff to show cause by October 16, 2024, why this case should not be dismissed for failure to serve.  Dkt. No. 10.

　　　　On October 11, 2024, Plaintiff responded to the order, arguing that the Court must allow him reasonable time to cure a failure to serve as a pro se litigant.  Dkt. No. 11.  Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

ORDER - 1

The good cause exception "applies only in limited circumstances, and inadvertent error or ignorance of governing rules alone will not excuse a litigant's failure to effect timely service." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992), *overruled in part on other grounds by Von Tobel v. Johns*, 2022 WL 1568359 (9th Cir. May 18, 2022). Generally, the Court provides pro se litigants wider latitude than represented parties to correct defects in service of process. *Eriksen v. Wash. State Patrol*, No. CV-05-0195-LRS, 2006 WL 994750, at *1 (E.D. Wash. Apr. 7, 2006). However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

The Court recognizes that the rules governing proper service can be complicated to a pro se litigant and that Plaintiff attempted to proceed with service through the United States Marshals Service. The Court will thus provide Plaintiff more leniency in complying with the technical aspects of civil procedure. *Eriksen*, 2006 WL 994750, at *1; *see also Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).

Accordingly, the Court ORDERS Plaintiff to file proof of service of the complaint by December 20, 2024. If Plaintiff fails to do so or to show good cause for further delay, the Court will dismiss this action without prejudice.

Dated this 22nd day of November, 2024.

Kymberly K. Evanson
United States District Judge