UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN PICKERING, | CASE NO. C24-0592-KKE |
| Plaintiff(s), | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| AMAZON.COM INC., et al., | |
| Defendant(s). | |

Plaintiff John Pickering, representing himself, filed this antitrust action against Defendants Amazon.com, Inc., and Amazon.com Services LLC (collectively "Amazon"), as well as Defendant FoodServiceDirect.com, Inc.[1] Dkt. No. 6.[2] Pickering's complaint alleges that Defendants denied him a refund for vegan food products he purchased online. *Id*. Amazon contends that Pickering's complaint fails to state any viable claim against it and therefore requests dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 19. In his opposition to Amazon's motion to dismiss, Pickering cross-moves for judgment on the pleadings, contending that his allegations demonstrate that he is entitled to a refund and that no discovery is needed in order to decide this case. Dkt. No. 20.

---

[1] It does not appear that Pickering has properly served the complaint on FoodServiceDirect.com. *See* Dkt. No. 6; Dkt. No. 19 at 2 n.2. This Defendant has not appeared in this action and does not join in Amazon's motion to dismiss.

[2] This order refers to the parties' filings by CM/ECF page number.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

For the following reasons, the Court finds that Pickering's complaint fails to state a valid claim against Amazon, and that this deficiency cannot be cured via amendment. Accordingly, the Court will grant Amazon's motion to dismiss with prejudice, which moots Pickering's cross-motion.

## I. BACKGROUND

Pickering purchased five cases of vegan patties, with each case containing 12 patties, using his Supplemental Nutrition Assistance Program ("SNAP") benefits. Dkt. No. 6-1 at 12. Pickering alleges that he ordered the patties on May 11, 2023, from FoodServiceDirect.com via Amazon's online store for $540.00 plus tax. *Id*. at 10–12.

Pickering received his order, which contained documents in the boxes indicating that "temperature sensitive" food items such as the patties could be returned only if they arrived damaged or if they "have an expiration date of less than two weeks." Dkt. No. 6-2 at 1–5. Pickering disclaims any damage to his patties and alleges that they were not set to expire until October 2023. Dkt. No. 6-1 at 13. Nonetheless, Pickering contacted Amazon's customer service beginning in June 2023 and continuing through December 2023, attempting to arrange for a return and refund of four of the five cases of patties he received. *Id*. at 11–14. Despite those efforts, after Pickering mailed the four cases to FoodServiceDirect.com, he has not received a refund. *Id*. at 14, Dkt. No. 6-2 at 17.

Pickering filed this action in April 2024, alleging that Amazon and FoodServiceDirect.com violated Sections 1 and 2 of the Sherman Antitrust Act, New York's Donnelly Act, and the Equal Credit Opportunity Act ("ECOA").[3] Dkt. No. 6. For the reasons explained herein, the Court

---

[3] The complaint contains a list of legal provisions and authorities that spans multiple pages. *See* Dkt. No. 6-1 at 2–7. Nonetheless, it appears that Pickering's claims against Amazon are more limited, as described here. *See id*. at 15–16. To the extent that Pickering references the E-SIGN Act, 15 U.S.C. § 7001, in his briefing (Dkt. No. 20 at 2), this act was not mentioned in the complaint and does not provide a private right of action, as noted by Amazon. *See* Dkt. No.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 2

agrees with Amazon that Pickering has failed to state a viable claim against it and that amendment could not cure the complaint's deficiencies. The Court will therefore grant Amazon's motion to dismiss.

## II. ANALYSIS

### A. Legal Standards

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts." *Chinatown Neighborhood Ass'n v. Harris*, 33 F. Supp. 3d 1085, 1093 (N.D. Cal. 2014).

### B. Pickering's Claims Against Amazon for Violation of the Sherman Antitrust Act Are Dismissed with Prejudice.

Section 1 of the Sherman Antitrust Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States[.]" 15 U.S.C. § 1. To state a claim for violation of Section 1, a plaintiff must plead: "(1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) which is intended to restrain or harm trade; (3) which actually injures competition; and (4) harm to the

---

21 at 4 n.1 (citing *Yoshimura v. Takahashi*, 446 F. Supp. 3d 644, 652 (D. Haw. 2020)). Thus, whether Pickering intends to amend the complaint to add a claim for violation of the E-SIGN Act, or believes that such a claim was included in the complaint, such a claim would fail as a matter of law.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 3

plaintiff from the anticompetitive conduct." *Name.Space, Inc. v. Internet Corp. for Assigned Names & Nos.*, 795 F.3d 1124, 1129 (9th Cir. 2015) (cleaned up).

Similarly, Section 2 of the Sherman Act prohibits individual or concerted action to monopolize or attempt to monopolize trade. 15 U.S.C. § 2. "A Section 2 claim includes two elements: (1) the defendant has monopoly power in the relevant market, and (2) the defendant has willfully acquired or maintained monopoly power in that market." *Dreamstime.com, LLC v. Google LLC*, 54 F.4th 1130, 1137 (9th Cir. 2022). "To meet the first element of a Section 2 claim, a plaintiff generally must (1) define the relevant market, (2) establish that the defendant possesses market share in that market sufficient to constitute monopoly power, and (3) show that there are significant barriers to entering that market." *Id*. (footnote omitted). The second element of a Section 2 claim "requires a showing that a defendant possessing monopoly power undertook anticompetitive conduct, and that the defendant did so with an intent to control prices or exclude competition in the relevant market." *Id*. (cleaned up).

Amazon argues that Pickering's Section 1 claim fails because he has not alleged facts that would support any of these elements. Dkt. No. 19 at 4–5. According to Amazon, Pickering has failed to allege the existence of an agreement between Amazon and any other party, let alone an agreement that was intended to restrain trade or that actually injured competition and harmed Pickering. *Id*. Amazon also argues that Pickering's Section 2 claim fails because Pickering has failed to allege any anticompetitive conduct on the part of Amazon: the complaint does not explain how conduct complained of (not processing a refund) relates to acquiring or maintaining monopoly power. *Id*. at 6.

Pickering's opposition/cross-motion fails to reference any such agreement or any of the other elements of a Section 1 claim. Dkt. No. 20. Nor does it explain how "forcing unwanted food items" on him constitutes anticompetitive conduct, for purpose of a Section 2 claim. *Id*. at 2.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 4

Although Pickering's opposition/cross-motion states that Defendants' alleged "actions clearly violate antitrust laws and no further discovery is needed to decide the case" (*id*. at 2), such threadbare arguments are insufficient, even if the *pro se* complaint is "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (cleaned up).

More fundamentally, the conduct that Pickering complains about—a failure to process a refund for one consumer—cannot plausibly constitute harm to competition as a whole in the relevant market, which is the type of harm that antitrust laws are intended to prohibit. *See, e.g.*, *Digital Sun v. The Toro Co.*, No. 10-CV-4567-LHK, 2011 WL 1044502, at *4 (N.D. Cal. Mar. 22, 2011) (explaining that in order to show an "anticompetitive injury" necessary to confer antitrust standing, a plaintiff "must show how defendant's anticompetitive conduct harms both competition and plaintiff"). Without an antitrust injury, Pickering cannot show that he has standing to bring an antitrust claim. *See Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 343 F.3d 1000, 1007–08 (9th Cir. 2003), *amended on denial of reh'g*, 352 F.3d 367 (9th Cir. 2003). Accordingly, Amazon's motion to dismiss should be granted not only because Pickering's complaint fails to state a viable claim for a violation of the Sherman Act, but also because Pickering lacks standing to bring such a claim. *See, e.g.*, *Biers v. Wash. State Liquor & Cannabis Bd.*, No. C15-1518JLR, 2016 WL 3079025, at *11 n.12 (W.D. Wash. June 1, 2016 ("Even if [plaintiff's] allegations were sufficient to show antitrust violations, [plaintiff's] antitrust claims would fail because he has not plausibly pleaded that he has antitrust standing.").

Accordingly, the Court will dismiss Pickering's Sherman Act claims with prejudice, because any amendment of the claim would be futile. Pickering has not requested leave to amend, and indeed contends that no discovery is needed to decide this case. Dkt. No. 20 at 2. Because

the dispute described in Pickering's complaint cannot give rise to an antitrust claim, the Court will dismiss Pickering's Sherman Act claims with prejudice.

### C. Pickering's Donnelly Act Claim Against Amazon Is Dismissed with Prejudice.

Pickering also brings a claim against Amazon under the Donnelly Act, New York General Business Law § 340, which requires that he "plead elements similar to those required for a federal antitrust claim." *Altman v. Bayer Corp.*, 125 F. Supp. 2d 666, 672 (S.D.N.Y. 2000).

> [I]n order to state a claim under the Donnelly Act, plaintiff must 1) identify the relevant product market; 2) describe the nature and effects of the purported conspiracy; 3) allege how the economic impact of that conspiracy is to restrain trade in the market in question; and 4) show a conspiracy or reciprocal relationship between two or more entities.

*Id*. "Furthermore, courts consistently have adhered to the principle that to have standing to sue, antitrust injury must be demonstrated, regardless of the type of antitrust violation asserted." *Id*.

As explained with respect to Pickering's Sherman Act claims, the complaint fails to allege facts that would support any of the elements of a Donnelly Act claim and the dispute described in the complaint does not constitute an antitrust injury. Pickering has not and cannot plausibly allege that Amazon's refusal to process his refund harms competition generally. Accordingly, the Court will dismiss Pickering's Donnelly Act claim with prejudice, because any amendment would be futile.

### D. Pickering's ECOA Claim Against Amazon is Dismissed with Prejudice.

Pickering's complaint alleges that Defendants' conduct violates ECOA (15 U.S.C. § 1691) by refusing to refund the SNAP benefits he used to purchase the patties, whereas his Amazon orders purchased with a credit/debit card have been properly handled. Dkt. No. 6-1 at 14–15. ECOA prohibits "any creditor" from discriminating "against any applicant, with respect to any aspect of a credit transaction … because all or part of the applicant's income derives from any public assistance program[.]" 15 U.S.C. §1691(a)(2). For purposes of ECOA, a "creditor" is "any

person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." 15 U.S.C. § 1691a(e). ECOA defines "credit" to mean "the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor." 15 U.S.C. § 1691a(d).

The Court agrees with Amazon (Dkt. No. 19 at 9) that Amazon is not a "creditor" for purposes of ECOA: Pickering has not alleged that he applied for "credit" from Amazon or that his interaction with Amazon has anything to do with the extension, renewal, or continuation of "credit," as defined in ECOA. Pickering does not respond to these arguments regarding ECOA specifically in his opposition/cross-motion or reply. *See* Dkt. Nos. 20, 22. Because the conduct that Pickering complains of in his complaint bears no connection to an ECOA claim, the Court will dismiss the claim and finds that allowing amendment of this claim would be futile. Accordingly, the Court dismisses Pickering's ECOA claim against Amazon with prejudice.

### III.    CONCLUSION

For these reasons, the Court GRANTS Defendants' motion to dismiss. Dkt. No. 19. Pickering's claims against Defendants Amazon.com, Inc., and Amazon.com Services LLC are DISMISSED with prejudice, without leave to amend. Pickering's cross-motion for judgment on the pleadings (Dkt. No. 20) is DENIED AS MOOT.

Pickering is ORDERED TO SHOW CAUSE no later than May 9, 2025, why his claims against Defendant FoodServiceDirect.com should not be dismissed for failure to serve. *See* Dkt. Nos. 10, 12 (previous orders to show cause for failure to serve). The document Pickering filed (Dkt. No. 13) is inadequate to establish that FoodServiceDirect.com was served in accordance with Federal Rule of Civil Procedure 4. It appears that documents were mailed to corporate

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 7

headquarters, but not that they were delivered to a person authorized to receive service of process. *See id*.  Pickering requested that Amazon waive service, which it did, but there is no evidence that Pickering requested that FoodServiceDirect.com waive service.  *See* Dkt. No. 14.  Pickering may provide further explanation of his service efforts to date, request more time to attempt service again or request a waiver of service, or make any other showing in response to the Court's order to show cause.

Dated this 21st day of April, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge